# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANDREW REDICK,**

        **Plaintiff,**

  v.                        **CASE NO. 19-3101-SAC**

**STEVE McKIEARNAN and**
**AUSTIN CHANNELL,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motions to amend the complaint (Doc. 29) and for the appointment of counsel (Doc. 35) and on the motion of the Kansas Department of Corrections for leave to file an exhibit to the *Martinez* report under seal (Doc. 32).

Plaintiff's motion to amend the complaint is granted pursuant to Rule 15(a). Plaintiff is directed to submit a complete, amended complaint on or before October 18, 2019.

The motion of the Kansas Department of Corrections to submit Exhibit 8 to the *Martinez* report under seal is granted.

Plaintiff moves for the appointment of counsel on the grounds that he is unable to afford counsel, that his incarceration makes it more difficult to proceed in this matter, and that a trial in this matter probably will involve conflicting testimony.

There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994,

996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court has considered the request and declines to appoint counsel at this time. Plaintiff appears to be capable of presenting his claims clearly, and at this point, the claims do not appear to be unusually complex. If this matter proceeds to a trial, the Court will reconsider the request at that time.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to amend the complaint (Doc. 29) is granted. Plaintiff is directed to submit a complete amended complaint on or before **October 18, 2019**.

IT IS FURTHER ORDERED the motion of the Kansas Department of Corrections for leave to file Exhibit 8 under seal (Doc. 32) is granted.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 35) is denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of October, 2019, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge