**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANDREW REDICK,**

                      **Plaintiff,**

        v.                            **CASE NO. 19-3101-SAC**

**STEVE McKIEARNAN, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. Defendants Steve McKiearnan and Austin Channell have filed a motion to dismiss, or, in the alternative, for summary judgment. Plaintiff has filed a response, and this matter is ripe for disposition. For the reasons that follow, the Court grants defendants' motion.

### Nature of the Complaint

During the relevant time period, plaintiff was incarcerated in the Larned Correctional Mental Health Facility (LCMHF). He claims the defendants, Chaplain McKiearnan and Correctional Officer Channell, violated his First and Fourteenth Amendment rights during his confinement by denying him the opportunity to participate in Ramadan. He seeks declaratory judgment and damages and asks the Court to bring criminal charges against the defendants.

### Factual Background

On July 18, 2017, while a prisoner at the Lansing Correctional Facility (LCF), plaintiff changed his religious preference to Native American using the process established by Kansas Department of Corrections policy and set out in its Internal Management Policy and

Procedure (IMPP) 10-110D. Under that policy, a prisoner may request a change of religious preference by completing a Change of Religion Request form and turning it in to the chaplain, the warden, or the warden's designee for approval.

On January 25, 2018, plaintiff was admitted to the LCHMF. On October 6, 2018, he sought, and was granted, a pork-free diet for unspecified religious purposes.

On April 30, 2019, plaintiff sent defendant McKiearnan a request to be placed on the call out list for Ramadan. Defendant McKiearnan denied the request because plaintiff's religious preference was identified as Native American.

Plaintiff denied that he had changed his religious preference to Native America and twice refused to sign a change of religion form.

Plaintiff was away from the LCMHF from May 9-21, 2019, for court proceedings. Following his return to the facility, he asked defendant Channell to let him out of his cell to participate in Ramadan. Defendant Channell checked the call out sheet and denied the request because plaintiff's name was not listed. Defendant Channell's supervisor, Captain Diest, advised him not to allow plaintiff out of his cell because he was not listed on the call out and because his religious preference of record was Native American.

On May 28, 2019, plaintiff submitted a completed form to defendant McKiearnan to change his religious preference to Moorish Science Temple of America (MSTA). The request was approved on the same day, and plaintiff participated in the final days of Ramadan and in the Eid meal held on June 4, 2019.

## Analysis

Defendants present five arguments in support of their request

for dismissal or, in the alternative, for summary judgment. While all of the arguments are well-taken, the Court finds the claim that plaintiff failed to exhaust available administrative remedies is dispositive and entitles defendants to the dismissal of this action.

### Failure to exhaust administrative remedies

The Prison Litigation Reform Act ("PLRA") established that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language is mandatory. *See Jones v. Bock*, 549 U.S. 199, 211 (2007)("There is no question that exhaustion is mandatory under the PLRA."). A district court may not excuse a failure to exhaust. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

Case law requires a prisoner to comply with the procedure established by the available remedy process. *See Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010)("Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure.") and *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010)("[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim.") (internal quotation marks and citation omitted).

In Kansas, a prisoner in state custody must complete a four-step administrative grievance procedure to exhaust claims concerning the conditions and incidents of confinement. These steps are set out in

K.A.R. 44-15-102. The first step requires a prisoner to seek informal resolution of the grievance by presenting it to a member of the prisoner's unit team. If this effort is unsuccessful, the prisoner then must submit a grievance form to staff members on the unit team. If this step does not resolve the grievance, the prisoner must appeal the grievance to the warden. Finally, if the prisoner does not obtain relief at this stage, he must appeal to the Secretary of Corrections to complete the process.

Here, records maintained by the Kansas Department of Corrections show that plaintiff did not complete the grievance process concerning any request concerning Ramadan in 2019. *See* Doc. 37-14 at 1 (affidavit of M. Schmidt). Plaintiff has not contested this statement, and his own submissions do not show that he pursued any grievance beyond the initial stage of seeking informal resolution. *See* Doc. 7-1 (attachments to complaint). Because plaintiff did not complete the administrative grievance procedure, the Court finds this matter must be dismissed.

### Criminal charges

In addition to declaratory relief and damages, plaintiff seeks the initiation of criminal charges against the defendants. The Court cannot order the filing of criminal charges. *See Presley v. Presley*, 102 F. App'x 636, 636-37 (10th Cir. 2004) (holding that a federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers").

### Conclusion

For the reasons set forth, the Court grants the motion for dismissal of this matter due to plaintiff's failure to exhaust available administrative remedies. The Court will deny the remaining

pending motions as moot and declines to exercise supplemental jurisdiction over any state law claims presented in this matter.

IT IS, THEREFORE BY THE COURT ORDERED defendants' motion to dismiss or for summary judgment (Doc. 42) is granted.

IT IS FURTHER ORDERED defendants' motion to stay discovery (Doc. 45), plaintiff's motion for injunctive relief (Doc. 47) and plaintiff's motion to amend (Doc. 56) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 10th day of September, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge


pending motions as moot and declines to exercise supplemental jurisdiction over any state law claims presented in this matter.

IT IS, THEREFORE BY THE COURT ORDERED defendants' motion to dismiss or for summary judgment (Doc. 42) is granted.

IT IS FURTHER ORDERED defendants' motion to stay discovery (Doc. 45), plaintiff's motion for injunctive relief (Doc. 47) and plaintiff's motion to amend (Doc. 56) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 10th day of September, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge