```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**ANDREW REDICK,**

           **v.**                                                            CASE NO. 19-3101-SAC

**STEVE McKIEARNAN, et al.,**

                     **Defendants.**

### MEMORANDUM AND ORDER

     This matter is a civil rights action filed under 42 U.S.C. § 1983. On September 10, 2020, the court granted defendants' motion to dismiss, or, alternatively, for summary judgment, finding that plaintiff had failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act. On September 24, 2020, plaintiff filed a motion to amend the judgment, which the court denied.

     On July 6, 2021, plaintiff filed a motion to amend the judgment (Doc. 68), a motion to reconsider (Doc. 69), a declaration (Doc. 70), and an additional motion to alter the judgment (Doc. 71). As in his earlier motion to amend the judgment, plaintiff argues that prison officials interfered with his efforts to exhaust administrative remedies and that he believed he had exhausted the remedies.

     The court construes these motions as challenges to the dismissal of this matter and analyzes them as filed under Fed. R. Civ. P. 60(b). Rule 60(b) contains six subsections. Subsections 60(b)(1)-(5) set out specific reasons for seeking relief from a final judgment, while the sixth subsection authorizes the court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ.

P. 60(b)(6).

Relief under Rule 60(b) is extraordinary and is available only in exceptional circumstances. *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007). Rule 60(b) is not a means "to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir.1996)).

The court has examined the motions and declaration submitted by the plaintiff and finds no basis to grant relief. Plaintiff essentially reargues the claims he presented in opposition to the defendants' motion and in his earlier motion. Because he does not present any information or argument that could not have been provided earlier, the court finds no basis to grant relief and will deny the motions.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to amend judgment (Doc. 68), motion to reconsider (Doc. 69) and motion to alter judgment (Doc. 71) are denied.

**IT IS SO ORDERED.**

DATED: This 8th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge