IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW REDICK,

    **Plaintiff,**

    v.                              CASE NO. 19-3101-SAC

STEVE MCKIEARNAN,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 16.) Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On September 10, 2020, the Court entered a Memorandum and Order (Doc. 61) granting Defendants' motion to dismiss or for summary judgment. The Court denied Plaintiff's motion to amend judgment, motion to reconsider, and motion to alter judgment on July 8, 2021. (Doc. 72.) Plaintiff filed a Notice of Appeal (Doc. 73) and on September 28, 2021, the Tenth Circuit Court of Appeal dismissed the appeal (Doc. 79). On March 3, 2023, Plaintiff filed a "Declaration" (Doc. 80) asking the Court to review all of his previous complaints. Plaintiff then sets forth claims regarding his current conditions of confinement.

Nothing in Plaintiff's Declaration warrants reconsideration of this Court's September 10, 2020 Memorandum and Order. Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

    new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

  A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted). Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

  This case remains closed. If Plaintiff believes he has a cause of action based on the claims in his Declaration, he should file a new complaint on court-approved forms after exhausting the facility's administrative remedies.

  **IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is advised that the Court will not be taking any action on his Declaration (Doc. 80). This case remains closed.

  **IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff § 1983 forms and instructions.

  **IT IS SO ORDERED**.

  **Dated March 6, 2023, in Kansas City, Kansas.**

            **S/   John W. Lungstrum**
            **JOHN W. LUNGSTRUM**
            **UNITED STATES DISTRICT JUDGE**